NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIRECTV, INC., a California corporation, | : | |
| | : | Civil Action No. 04-2658 (KSH) |
| Plaintiff, | : | |
| | : | **ORDER AND OPINION** |
| v. | : | |
| AL SPROSTA and MINSHAIN TSAI, | : | |
| Defendants. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

This matter comes before the Court on plaintiff DirecTV's motion for judgment by default as against defendant Minshain Tsai ("Tsai"). DirecTV filed a complaint against Tsai and another individual claiming that the individual defendants possessed and used devices allegedly designed to permit the viewing of DirecTV's programming without authorization and payment to DirecTV, in violation of 47 U.S.C. § 605, 18 U.S.C. § 2511(1)(a), and 18 U.S.C. § 2512(1)(b). Tsai failed to answer or otherwise respond to the complaint, and the Clerk of the Court entered default against him. DirecTV now seeks default judgment granting injunctive relief and awarding costs in the amount of $75.00, attorneys' fees in the amount of $1,440.00 and statutory damages in the amount of $2,000.

By his default, Tsai admits that he used a pirate descrambling device to intercept DirecTV's satellite television programming. "That admission affords a basis for the Court to conclude" that Tsai violated § 605(a), entitling DirecTV to default judgment on its § 605(a) claim. DirecTV v. DeCroce, 332 F. Supp. 2d 715 (D.N.J. 2004) (citing TKR Cable Co. v. Cable City Corp., 267 F.3d 196 (3d Cir. 2001)).  Under § 605(e)(3)(B)(iii), DirecTV is entitled to recover full costs, including reasonable attorneys' fees. Consistent with this mandate, the Court awards DirecTV costs and attorneys' fees in the amounts requested.

Pursuant to the statute, the Court, in its discretion, also may grant injunctive relief, and award actual or statutory damages. See 47 U.S.C. § 605(e)(3)(B)(i-ii), (C).  Injunctive relief is clearly appropriate under these facts, and therefore, Tsai is permanently enjoined from intercepting and receiving DirecTV's satellite television programming without authorization, and from otherwise violating 47 U.S.C. § 605(a).  As to damages, DirecTV seeks statutory damages in the amount of $2,000.   (Pltf's Brief in Support of its Motion for Entry of Default Judgment, at 5.)

Section 605(e)(3)(C)(i)(II) permits the Court to award statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just."  The record establishes that Tsai purchased one pirate device on or about April 1, 2002.  (Compl. ¶ 8; Pltf's Brief, at 2.) Aside from potentially receiving DirecTV's satellite television programming free of charge for an unspecified period of time, there is no indication that Tsai otherwise profited from his conduct. In an almost identical case, this Court has concluded that "[c]oupled with the injunctive relief and the award of attorneys' fees and costs, the minimum statutory damages award of $1,000.00 will compensate DirecTV adequately for any loss it suffered, punish defendant for his alleged

wrongdoing, and serve as a sufficient deterrent to defendant and others." Decroce, 332 F. Supp. 2d at 718-719; see also, DirecTV, Inc. v. Pepe, et. al, Civ. No. 03-2414 (D.N.J. Oct. 29, 2004) (granting default judgment and awarding minimum statutory damages of $1,000 for violation of § 605(a) where complaint alleged that defendant purchased a pirate device and intercepted DirecTV's satellite television programming).  Other courts as well have awarded the same amount of damages under comparable fact patterns.  DirecTV, Inc. v. Malizie, Civ. No. 03-403S, 2004 WL 1682827, at *3- 4 (W.D.N.Y. Mar. 15, 2004) (granting default judgment and awarding minimum statutory damages of $1,000 for violation of § 605(a)); DirecTV, Inc. v. Albright, Civ. No. A. 03-4603, 2003 WL 22956416, at *3 (E.D.Pa. Dec. 9, 2003) (same).

For the foregoing reasons, DirecTV's motion for judgment by default is **granted** as follows:

(1) DirecTV is awarded attorneys' fees in the amount of **$1,440.00**, which sum the Court finds reasonable, and costs in the amount of **$75.00**;

(2) DirecTV is awarded statutory damages in the amount of **$1,000.00** against Tsai pursuant to § 605(e); and

(3) Tsai is permanently enjoined from intercepting and receiving DirecTV's satellite television programming without authorization, and from otherwise violating 47 U.S.C. § 605(a).

**SO ORDERED** on this 10th day of June, 2005.

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.